Dorothy Silver, Appellant, *v.* Bertram S. Silver, Respondent.

First Department, February 28, 1961.

*Sidney Kramer* of counsel (*Richard J. Schwarzstein* with him on the brief), for appellant.

*Alvin M. Stein* of counsel (*Herbert L. Rosedale* with him on the brief; *Parker, Chapin & Flattau,* attorneys), for respondent.

Steuer, J. The Appellate Term has affirmed a judgment of the Municipal Court in favor of the defendant. The case is here on leave to appeal granted in this court.

Plaintiff sues for additional alimony pursuant to a separation agreement. The agreement provides for the payment of a base alimony for the years 1954 through 1958 of $11,000. In addition, there is this provision: " an amount  *  *  * equal to thirty-three and one-third (33⅓%) per cent of any increase of the Husband's ' Net Income ' before federal income taxes over Thirty-two Thousand ($32,000) Dollars in each of said years ($32,000 being item 3 on page 3 of Husband's federal tax return for the year 1952, i.e. Net Income), but not to exceed One Thousand ($1,000) Dollars in each of said years, as the same shall be reflected in the Husband's federal income tax return.''

Plaintiff sues for the years 1955 and 1956. In those years defendant's income as reflected in his income tax returns was sufficient to call for the additional payment provided for in the quoted clause were it not for the fact that a deduction representing the $11,000 alimony appears in the return and reduces the net income below $32,000.

According to the literal wording of the agreement, the deduction being allowed by the tax authorities determines the net income. The learned court below pointing out that alimony payments having been an allowable deduction since 1942 the intent of the parties must be taken, in the absence of contrary proof, to have envisaged this in the terms of the agreement. We reach a different conclusion.

In the pilot return of 1953 there was no alimony deduction as no alimony was paid in the prior year. It is evident from the entire agreement that the alimony was, with certain corrections, to approximate one third of defendant's income. The use of tax returns was to provide a convenient method of determining both income and the share payable to plaintiff. It is apparent that if the payment of her share is to be deducted in each year subsequent to the payment that this share will be reduced materially and the scheme of the agreement defeated. Such an interpretation is not usual (*Stone* v. *Stone,* 1 N Y 2d 785).

It also appears that the literal wording was not taken by the parties as the inviolable test. After the agreement was made the parties were divorced. Defendant remarried. His second wife had an independent income and as they filed a joint return the figures in that return did not reflect his individual income. In making their calculations both parties segregated the defendant's personal income and deductions from the figures that actually appeared in the return. Furthermore, providing defendant's contentions are correct, if he should at some later date pay alimony to his second wife that also would be a deductible item. It passes the bounds of imagination that this result would represent the intent of the parties.

The determination of the Appellate Term appealed from and the judgment of the Municipal Court should be reversed on the law, with costs and disbursements to plaintiff-appellant in this court and with $30 costs and disbursements in the Appellate Term, and judgment should be directed in favor of plaintiff in the sum of $2,000, with interest and costs to plaintiff.

STEVENS, J. (dissenting). I dissent and vote to affirm. The plaintiff here sues for additional alimony pursuant to a separation agreement. The agreement is clear that such additional payments are to be based upon an increase in the defendant's

net income. The reference to item 3 on page 3 of the husband's Federal tax return for the year 1952 indicates that the net income there referred to was the sum remaining after all permissible deductions were taken. Obviously, alimony was not there listed because it was not then being paid. Since 1942, alimony has been an allowable deduction. The parties must be taken to have entered into the agreement with knowledge and in contemplation of existing law. If it were the intention of the parties to exclude an item properly allowable as a deduction from the computation of net income, it should have been expressly set forth. The term '' net income '', in my view, is to be construed in its ordinary sense, and the intent of the parties as expressed in the language of the contract should be given effect. It is not for the court by construction to rewrite the agreement of the parties.

McNally, J. P., and Eager, J., concur with Steuer, J.; Stevens, J., dissents and votes to affirm in opinion, in which Bastow, J., concurs.

Determination of the Appellate Term appealed from and the judgment of the Municipal Court, reversed, on the law, with costs and disbursements to appellant in this court and with $30 costs and disbursements in the Appellate Term, and judgment directed in favor of plaintiff in the sum of $2,000, with interest and costs.