■ Cynthia Scheider, Respondent, v Roy Scheider, Appellant. [614 NYS2d 897] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about October 29, 1992, which *sua sponte,* recalled and vacated the court's prior order entered on or about October 10, 1991, granted plaintiff's motion to enforce an agreement incorporated by reference in the parties' divorce judgment, directing defendant to pay arrears in maintenance and increased a prior award of attorneys' fees to plaintiff to $2,500, and order same court and Justice, entered on or about June 30, 1993, which denied defendant's motion for discovery and directed that defendant make payments in the aggregate amount of $389,137.68, plus interest and costs, pursuant to the court's order of October 29, 1992, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 10, 1991, which granted plaintiff's motion to enforce an agreement

incorporated by reference in the parties' divorce judgment, and later withdrawn and replaced by the court *sua sponte,* unanimously dismissed as moot, without costs.

We agree with the IAS Court that the maintenance provisions of the agreement in issue are not ambiguous, that their clear intent was to provide plaintiff with additional maintenance above a stated minimum in the event defendant's income exceeded a stated minimum, and that defendant's reading of the agreement would "nullify" this basic purpose by actually decreasing the maintenance payment below the stated minimum even as defendant's income increased above the stated minimum *(see, Silver v Silver,* 12 AD2d 325, *affd* 10 NY2d 1000). We also agree with the IAS Court that the agreement is unambiguous in requiring defendant to continue paying the mortgage and other carrying charges on certain property even after transfer of title to plaintiff following the divorce. We have considered defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.